UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____ Civ.

---

RK NETMEDIA, INC.,

             Plaintiff,

v.

AMERICAN SAFETY INDEMNITY COMPANY,
and DOES 1 – 10, inclusive,

             Defendants.

---

## COMPLAINT

## JURY TRIAL DEMAND

Plaintiff RK Netmedia, Inc. ("RK") complains against defendants American Safety Indemnity Company ("ASIC") and Does 1 – 10 and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for breach of contract, bad faith and declaratory relief. It arises out of the failure of an insurer to honor the duties it owed to its insured RK with respect to a lawsuit against RK alleging copyright infringement in RK's advertisements.

## THE PARTIES

2.     Plaintiff RK Netmedia, Inc. is a Florida corporation with its principal place of business in Miami Beach, Florida. Realitykings.com is a website owned by RK.

3. Defendant ASIC is an Oklahoma corporation with its principal place of business in Atlanta, Georgia. ASIC is authorized to transact, and is transacting business in the State of Florida, including in the Southern District of Florida.

4. RK is ignorant of the true names and capacities, whether individual, associate, partnership, corporate, or otherwise, of the defendants fictitiously designated herein as Does 1 through 10, and therefore sues those defendants by these fictitious names. RK will seek leave of Court to amend this complaint when the true names and capacities of these fictitiously designated defendants have been ascertained. RK is informed and believes, and on that basis alleges, that Does 1 through 10 have underwritten or provided insurance coverage to RK or are otherwise responsible for the losses alleged herein, and that Does 1 through 10 are authorized to, and do, transact business in the State of Florida, but are not citizens of the State of Florida.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1332 because the parties are citizens of different states. The amount in controversy is in excess of $75,000, exclusive of interest and costs, as alleged below.

6. Venue is proper in this District because the pertinent insurance policies were issued and delivered to RK in this District, because RK is headquartered within this District, and because the events giving rise to this action occurred within this District.

## THE INSURANCE POLICIES

7. From at least January 8, 2009 to January 8, 2011, ASIC provided insurance coverage to RK pursuant to insurance policies numbers ESL021551-09-01 and ESL021551-10-02 (the "Policies"). Each of the Policies provides $1,000,000 in coverage with a deductible of $2,500 per claim. The Policies were issued and delivered to RK in the Southern District of

Florida. True and correct copies of the Policies are attached hereto as Exhibits A and B respectively.

8. Coverage B of the Policies provides "Personal and Advertising Injury Liability" coverage in which ASIC agrees it:

> will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies . . . .

Policies, Coverage B.1.

9. "Personal and advertising injury" means "injury, including consequential 'bodily injury', arising out of one or more of the following offenses: . . . g. Infringing upon another's copyright, trade dress or slogan in your 'advertisement.'" *Id.*, at Section V.14.

10. "Advertisement" means:

> a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:
>
> a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and
>
> b. Regarding web-sites, only that part of a web-site that is about your goods, products

> or services for the purposes of attracting customers or supporters is considered an advertisement.

*Id.*, at Section V.1.

11. Consistent with the covering provision, the Policies contain a form exclusion for claims for "Infringement of Copyright, Patent, Trademark or Trade Secret." The exclusion provides that the insurance does not apply to:

> "Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. However, ***this exclusion does not apply to infringement, in your "advertisement," of copyright, trade dress or slogan*** (emphasis added.)

*Id.*, at Section V.2.i.

12. To the extent not waived or otherwise excused, RK has complied with all terms and conditions precedent, including payment of undisputed premiums and notice, contained in the Policies. RK therefore is entitled to all benefits of insurance provided by the Policies.

### THE *WARNER BROS.* LAWSUIT AND ASIC'S BREACHES

13. On or about July 7, 2010, Warner Bros. Records, Inc. and other related plaintiffs (the "Warner Bros. Plaintiffs") filed a lawsuit in the United States District Court for the Central District of California against RK entitled *Warner Bros. Records Inc. v. RK Netmedia, Inc.*, CV10-4991 (CBM) (the "*Warner Bros.* Lawsuit"). On or about September 3, 2010, the Warner

Bros. Plaintiffs filed a First Amended Complaint in the *Warner Bros.* Lawsuit (all references to the "Complaint" herein are to the First Amended Complaint).

14. The *Warner Bros.* Lawsuit alleges that certain of RK's videos available for public viewing on RK's websites infringe the Warner Bros. Plaintiffs' copyrights in the sound recordings and musical compositions embodied in the videos.

15. The *Warner Bros.* Lawsuit alleges that the works allegedly infringed are featured prominently in the foreground of the videos and serve as a focal point for the visual content. The Warner Bros. Plaintiffs further allege that RK not only used their musical works in the videos, but then exploited them to draw an audience to its website and to advertise and promote the videos.

16. Specifically, the Warner Bros. Plaintiffs allege, among other things, that

> ***Defendants . . . use Plaintiffs' musical works to advertise and promote their website.*** Plaintiffs are informed and believe, and on that basis aver, that, among other things, Defendants enter into business relationships with websites offering short clips of pornographic videos (sometimes referred to in the adult industry as "tube" sites, a reference to the popular website YouTube). Pursuant to these relationships, Defendants upload content to the "tube" site, and authorize the site to publicly perform, segments of the Videos (namely, those portions containing Plaintiffs' works), accompanied

> by information directing the user to the Reality Kings' Website. A number of these segments have been uploaded to such websites (most notably, the website www.youjizz.com) *for the express purpose of attracting viewers to the Reality Kings Website* with the implied promise of pornographic content containing Plaintiffs' Musical Compositions and Recordings.

Complaint in the *Warner Bros.* Lawsuit, ¶42 at 16 (emphasis added).

17. RK timely notified ASIC of the *Warner Bros.* Lawsuit on or about July 13, 2010.

18. By letter dated July 19, 2010, ASIC acknowledged the claim for coverage for the *Warner Bros.* Lawsuit, but denied coverage. ASIC based its denial on (1) an endorsement that purports to add an additional exclusion to the Policies precluding coverage for claims "based upon or arising out of, directly or indirectly, or in any way relating to, any actual or alleged infringement of any copyright, patent, trademark, tradename or intellectual property right;" and (2) an exclusion for the "Knowing Violation Of Rights Of Another."

19. By letter dated August 17, 2010, RK disputed ASIC's denial of coverage. RK explained that the *Warner Bros.* Lawsuit plainly alleges infringement of the Warner Bros. Plaintiffs' copyrights in videos expressly used to advertise RK's web sites with the purpose of attracting additional customers and generating additional traffic to the sites. Thus, these claims fall squarely within the coverage for copyright infringement in advertisements provided by Coverage B of the Policies. RK also detailed that the exclusion by endorsement for copyright

infringement is inapplicable because it renders the Policies – and specifically coverage for copyright infringement in RK's advertisements – ambiguous and illusory.

20. RK, in the August 17, 2010 letter, also refuted the applicability of the "Knowing Violation of Rights of Another" exclusion, explaining that there is no evidence that the "personal and advertising injury" was "caused by or at the direction of the insured *with the knowledge that the act would violate the rights of another*" or that the insured *knew* such activity "would inflict '"personal and advertising injury."'" Policies, Coverage B, Section 2.A (emphasis added). As such, ASIC has a duty to defend and indemnify RK for the *Warner Bros.* Lawsuit.

21. On or about August 31, 2010, ASIC responded to RK's August 17, 2010 letter, but did not change its coverage position. In addition to re-asserting the coverage defenses raised in its July 19, 2010 letter, ASIC asserted a new and equally meritless coverage defense in its August 31 letter that because the *Warner Bros.* Lawsuit does not provide dates for when the alleged infringements began, the *Warner Bros.* Lawsuit has not alleged any advertising injury during the Policy periods. However, a basic investigation into the facts by ASIC, including a simple inquiry to its insured, would have revealed that at least some of the allegedly infringing videos and advertisements were first made available online for public viewing during the Policy periods.

22. Rather than meeting its duty to investigate RK's claim for coverage, ASIC instead failed to conduct any investigation and asserted additional meritless grounds for its denial of coverage.

23. As of the date of filing of this action, the parties to the *Warner Bros.* Lawsuit scheduled a mediation to occur on October 15, 2010 before Hon. Layn Phillips (Ret.). RK believes it has an opportunity to settle the *Warner Bros.* Lawsuit for a reasonable amount at the

mediation. Accordingly, in its August 17, 2010 letter, RK requested that an ASIC representative(s) attend the mediation with authority to settle the case. ASIC did not agree to attend the October 15 mediation in its August 31 letter and has not otherwise responded to this request.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

24. RK realleges and incorporates by reference herein each allegation contained in paragraphs 1 through 23 above.

25. ASIC has breached its duties under the Policies by (a) failing and refusing to defend and indemnify RK in connection with the *Warner Bros.* Lawsuit; (b) asserting grounds for denying coverage that it knows are not supported by, and in fact are contrary to, the terms of the Policies, the law, insurance industry custom and practice, RK's reasonable understanding of the Policies, and the facts; (c) failing to conduct an adequate investigation of the *Warner Bros.* claim, and asserting grounds for denying coverage based on its inadequate investigation; (d) failing to fully inquire into possible bases that might support the *Warner Bros.* claim; (e) giving greater consideration to its own interests than it gave to RK's interests and (f) refusing to attend and participate in the October 15, 2010, mediation in the *Warner Bros.* Lawsuit.

26. As a direct and proximate result of ASIC's acts, RK has been damaged in an amount in excess of $75,000. The actual amount of damages has not been precisely ascertained, but includes the sums incurred to settle the *Warner Bros.* Lawsuit, the costs of litigation and other damages not yet known or determined.

27.     WHEREFORE, RK requests that this Court enter judgment against ASIC for damages, costs, interest and attorneys' fees and for such other further relief as this Court deems necessary and proper.

## SECOND CAUSE OF ACTION
### (Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)

28.     RK realleges and incorporates by reference herein each allegation contained in paragraphs 1 through 27 above.

29.     Implied in the Policies is a covenant that ASIC would act in good faith and deal fairly with RK, that it would do nothing to interfere with the rights of RK to receive the benefits due under the Policies, and that it would give at least the same level of consideration to RK's interests as it gives to its own interests.

30.     In breach of the implied covenant of good faith and fair dealing, ASIC did the things and committed the acts alleged above for the purpose of consciously withholding from RK the rights and benefits to which RK is entitled under the Policies and without considering the interests of RK at least to the same extent as it considered its own interests. Among other things, ASIC (1) has failed to provide a defense to RK; (2) has refused to attend the mediation scheduled with the *Warner Brothers* Plaintiffs; (3) has refused to make available funds from the Policies for settlement of the *Warner Bros.* Lawsuit when under the circumstances, a reasonably prudent person faced with the prospect of paying the total recovery amount would do so; and (4) has not agreed to indemnify RK.

31.     ASIC engaged in such bad faith conduct to protect ASIC and its interests, all the while ignoring the best interests of its insured, RK, to RK's detriment.

32. ASIC's conduct in the investigation, claims handling, and failure to provide a defense of the *Warner Bros.* Lawsuit is in reckless disregard for the rights of its insured.

33. As a direct and proximate result of ASIC's acts, RK has been damaged in an amount in excess of $75,000. The actual amount of damages has not been precisely ascertained, but includes the amount of the potential *Warner Brothers* settlement or judgment, the costs of defending the *Warner Brothers* litigation, and other damages not yet known or determined.

34. ASIC's acts are inconsistent with the reasonable expectations of its insured, are contrary to established claims, practices and legal requirements, and constitute bad faith.

35. RK has employed legal counsel to represent its interests in this lawsuit, as well as the *Warner Brothers* litigation, and is obligated for the payment of attorneys' fees and costs. RK is entitled to recover from ASIC the attorneys' fees and costs that it reasonably has incurred, and is incurring, in its efforts to obtain the policy benefits that ASIC wrongfully has withheld, and is withholding, in bad faith, plus interest. The amount of these attorneys' fees and expenses currently is unknown, but is continuing.

36. ASIC' s conduct is despicable and has been committed with a conscious disregard of RK's rights, constituting oppression, fraud, and/or malice, in that ASIC engaged in a series of acts designed to deny RK the benefits due under the Policies. Specifically, ASIC, by acting as alleged above, in light of information, facts, and relevant law to the contrary, consciously disregarded RK's rights and forced RK to incur substantial financial losses, without any assistance from it, thereby inflicting substantial financial damage on RK. ASIC ignored the interests and concerns of RK, with the requisite intent to injure. Therefore, RK is entitled to recover punitive damages from ASIC in an amount sufficient to punish and to make an example of ASIC and in order to deter similar conduct in the future against other insureds.

37. WHEREFORE, RK requests that this Court enter judgment against ASIC for damages, costs, punitive damages, interest and attorneys' fees and for such other further relief as this Court deems necessary and proper.

## THIRD CAUSE OF ACTION

### (Declaratory Judgment)

38. RK realleges and incorporates by reference herein each allegation contained in paragraphs 1 through 37 above.

39. This is a claim for Declaratory Judgment pursuant to 28 U.S.C. § 2201(a) and for further relief pursuant to 28 U.S.C §2202.

40. There is a genuine and bona fide controversy between the parties as to whether ASIC has breached its obligations under the Policies by wrongfully denying coverage under the Policies in violation of its terms.

41. There is an actual, practical and present need for the Court to determine whether ASIC has breached its obligations under the Policies by wrongfully denying coverage under the Policies in violation of its terms, and whether RK has been damaged thereby.

42. WHEREFORE, RK requests that this Court enter declaratory judgment against ASIC holding that ASIC wrongfully breached its obligations under the Policies and that the Policies cover the claims in the *Warner Bros.* Lawsuit of copyright infringement in RK's advertisements.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues deemed so triable.

Dated: September 9, 2010
Miami, Florida

Respectfully submitted,

By: /s/ Robert C. Josefsberg
Robert C. Josefsberg (Florida Bar No. 040856)
Katherine W. Ezell (Florida Bar No. 114771)
Podhurst Orseck P.A.
25 W Flagler St Ste 800
Miami, Florida 331301720
Phone: 305-358-2800
Fax: 305-358-2382
rjosefsberg@podhurst.com
kezell@podhurst.com

*Local Counsel for Plaintiff*

*Of Counsel*
Bruce Van Dalsem (Cal. Bar No. 124128)
Danielle L. Gilmore (Cal. Bar No. 171457)
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Phone: 213-443-3000
Fax: 213-443-3100
brucevandalsem@quinnemanuel.com
daniellegilmore@quinnemanuel.com

*Counsel for Plaintiff*